[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2010
JOHN LEY
CLERK

No. 09-16357
Non-Argument Calendar

_____

Agency No. A098-940-482

WADELINE CHRISTOPHE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 23, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Wadeline Christophe, a native and citizen of Haiti, petitions for review of

the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board of Immigration Appeals and the immigration judge found Christophe not credible. We deny the petition.

Christophe argues that she is eligible for asylum relief, but we disagree. The immigration judge found that Christophe failed to file timely her application for asylum, and we lack jurisdiction to review that decision. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). We dismiss Christophe's petition for review of the denial of her application for asylum.

Christophe challenges the denial of her application for withholding of removal, but substantial evidence supports the finding that Christophe was not credible. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001). There were several inconsistencies between Christophe's supplemental written statement and her testimony. Christophe alleged in her written statement that, in January 2004, supporters of Lavalas threatened her, but Christophe later testified that the men beat her. Christophe alleged in her written statement that military officers had beaten her mother on October 30, 2004, and had arrested Christophe on May 2, 2005, but Christophe later testified that her mother had been beaten on November 2, 2004, and Christophe had been arrested on May 5, 2005. Christophe also provided an incredible account about how in May and June of 2005 her six-

month-old fetus survived two months of beatings "morning, midday, and night." Christophe first testified that in 2005 her captors "didn't spare any part of [her] body," but when asked to explain how the baby survived, Christophe testified that her captors inflicted fewer blows on her "lower stomach." Christophe offers no explanation for these and other inconsistencies that would compel a reasonable fact finder to reverse the adverse credibility finding and conclude that she established eligibility for withholding of removal. See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

Christophe contends that the immigration judge and the Board failed to consider her corroborative evidence, but we disagree. The immigration judge stated that he had considered the Country Report submitted by the government and a medical certificate and an identification card submitted by Christophe, and the Board affirmed the decision of the immigration judge, in part, on "the lack of sufficient reliable evidence corroborative of [Christophe's] claim." Moreover, none of the corroborative evidence establishes that Christophe is eligible for withholding of removal. The membership card established only that Christophe was a member of the Association Des Democrates De Delmas, and Christophe's medical report, which stated that she had suffered "[c]orporal [t]rauma due to a Kidnapping incident," was inconsistent with Christophe's statement that she had been "arrested" by military officers for her political activities. The Country Report

3

stated that prisons were unsanitary and its occupants suffered from "malnutrition, poor quality healthcare . . . [in]adequate food . . . and periodically suffered from lack of water," which was entirely consistent with the finding of the immigration judge that it was "inconceivable" that Christophe could have been incarcerated and beaten daily for two months and thereafter deliver a healthy baby.

We **DISMISS** Christophe's petition for review of the denial of asylum and **DENY** her petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**